UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN MAURICE HUBBARD.,<br><br>    Defendant. | CRIMINAL NO. 7:13-21-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

Defendant Kevin Maurice Hubbard moves the Court for compassionate release under 18 U.S.C. 3582(c)(1)(A) (DE 883). He also moves the court to appoint counsel to represent him on this motion (DE 884).

Hubbard pleaded guilty to conspiring to distribute heroin. By judgment dated August 24, 2014, the Court sentenced him to a prison term of 140 months. He is currently incarcerated at FCI Gilmer, and his projected release date is September 29, 2025. Hubbard was subject to enhanced sentencing as a career offender pursuant to U.S.S.G. § 4B1.1. Thus, his guideline range was 188 to 235 months. Judge Amul Thapar, who was then a U.S. district judge, varied downward in imposing the 140-month sentence.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. The government asserts that Hubbard has met the mandatory condition. Accordingly, the Court may consider this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.*

Hubbard, however, does not set forth any circumstances that the Court could find extraordinary and compelling. He notes the risks of infection from COVID-19, but there is no evidence that he has any medical conditions that put him at particular risk of death or serious illness from the disease. Moreover, the government presents evidence that he has received both doses of the COVID-19 vaccine, which dramatically reduces the risks posed by the disease.

Hubbard also argues that he would not be considered a career offender under the current interpretation of the sentencing guidelines. To be a career offender, a defendant must have at least two prior felony convictions that qualify as a "controlled-substance offense" or "crime of violence." U.S.S.G. § 4B1.1. In *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), the Sixth Circuit ruled that the definition of "controlled substance offense" in U.S.S.G. § 4B1.2, which defines the term for purposes of the career-offender guidelines, does not include attempt crimes. *Havis*, 927 F.3d at 385. Neither the Sixth Circuit nor the Supreme Court has held that the holding in *Havis* is retroactive. Hubbard argues that the holding nonetheless presents "extraordinary and compelling" circumstances that warrant his release from prison. The Sixth Circuit has, however, rejected this argument. *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021).

Hubbard has not presented evidence sufficient for the Court to find extraordinary and compelling circumstances warrant his release from prison. But even if he had, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020 WL 6817488, at *6. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--

3

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

Judge Thapar considered these factors thoroughly and extensively at Hubbard's sentencing (DE 744), and the Court has reconsidered them for this motion. Hubbard was convicted of a serious drug offense in this Court. And he had multiple convictions for violating drug laws before this, including a prior federal sentence of 60 months. Likewise, he has violated conditions of supervised release multiple times.

Hubbard argues that his sentence does not reflect the need to avoid unwarranted sentencing disparities among defendants with similar records. In support of this argument, he points to the sentences of his co-defendants. But when § 3553(a)(6) instructs courts to consider sentence disparities it is "concerned with *national* disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). This factor is designed to "ensure nationally uniform sentences among like offenders." *Id.* The statute is not concerned with

4

disparities among co-defendants. *Id.* "Considering that one of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of national sentencing practices." *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008). In Hubbard's case, Judge Thapar varied *below* the advisory guidelines range.

The Court commends Hubbard on his employment while in prison and on the steps he states he has taken to obtain educational and vocational training while in prison. Other aspects of his behavior while in prison raise concerns. It is clear that Hubbard has had a serious drug addiction, which has caused many problems for him. It appears that the RDAP program was at least temporarily successful for him in the past. It is the Court's hope, as Judge Thapar stated at sentencing, that Hubbard can again obtain treatment to permanently eliminate his dependency on controlled substances. Considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Hubbard's sentencing, it is not appropriate to order his release at this time.

Hubbard has also moved the Court to appoint counsel to represent him on this motion. There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, No. CR 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). Hubbard has raised no complex issues. The Court was able to resolve his motion on the record before it. Accordingly, appointment of counsel is not appropriate.

For all these reasons, the Court HEREBY ORDERS that Hubbard's motion for compassionate release (DE 883) and his motion to appoint counsel (DE 884) are DENIED.

Dated August 20, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY